IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOSHUA SHELTON** | | **PLAINTIFF** |
| v. | Case No. 3:23-cv-00009 KGB | |
| **NUCOR-YAMATO STEEL COMPANY,** Limited Partnership, and its General Partners | | **DEFENDANT** |

### ORDER

Before the Court is plaintiff Joshua Shelton's motion for leave of Court to file first amended complaint and brief (Dkt. No. 12). Defendant Nucor-Yamato Steel Company ("Nucor") responded in opposition to the motion (Dkt. No. 13). For the following reasons, the Court denies Mr. Shelton's motion for leave to amend (Dkt. No. 12).

Based on the Court's review of Mr. Shelton's proposed amended complaint, he seeks to add a retaliation claim based on assertions that Nucor retaliated against him after discriminating against him under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201-1213, and after he filed a workers' compensation claim (Dkt. No. 12-1, ¶¶ 33-48). Nucor opposes the motion for several reasons, including futility (Dkt. No. 13, at 2-4).[1]

"[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district

---

[1] The Court recognizes that Nucor addressed in its pending motion for summary judgment Mr. Shelton's proposed retaliation claims and that Mr. Shelton responded to Nucor's motion for summary judgment addressing those claims (Dkt. Nos. 26; 32). Nucor's motion for summary judgment remains under advisement with the Court (Dkt. No. 26).

court's denial of leave to amend a complaint may be justified if the amendment would be futile." *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013).  An amendment is futile if the amended claim "could not withstand a motion to dismiss under Rule 12(b)(6)." *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014) (citation omitted).  "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Nucor maintains that Mr. Shelton failed to exhaust his administrative remedies by filing a charge of discrimination based on alleged retaliation under the ADA with the Equal Employment Opportunity Commission ("EEOC") before filing suit.  Under the ADA, a claimant must exhaust his administrative remedies by filing a charge of discrimination with the EEOC before filing a civil action.  *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021).  The Eighth Circuit has "long treated discrimination and retaliation claims as distinct for exhaustion purposes, so that exhausting one does not usually exhaust the other." *Weatherly*, 994 F.3d at 945; *see also Slayden v. Center of Behavioral Med.*, 53 F.4th 464, 468 (8th Cir. 2022) (quoting *Wallin v. Minnesota Dep't of Corr.*, 153 F.3d 681, 688–89 (8th Cir. 1998)) ("'It is well established that retaliation claims are not reasonably related to underlying discrimination claims.'").  Based on the charge of discrimination filed with the EEOC, Mr. Shelton failed to exhaust his administrative remedy with regard to a retaliation claim under the ADA (Dkt. No. 13-1).

Further, to the extent Mr. Shelton seeks to assert a separate retaliation claim based on his filing of a workers' compensation claim, that claim is barred under Arkansas law based on the exclusive remedy of the workers' compensation laws.  *See Ark. Code Ann.* §§ 11-9-105 to 107(e).

Any Arkansas employer that discriminations or retaliates against an employee for exercising rights pursuant to the Arkansas Workers' Compensation laws is subject to liability. *Ark. Code Ann.* § 11-9-107. The remedy is exclusive. *Ark. Code Ann.* §§ 11-9-105 to 107(e). Arkansas's workers' compensation laws provide the exclusive remedy where plaintiff asserts that he was terminated in retaliation for having sought available benefits. *See Davis v. Dillmeier Enterprises, Inc.*, 956 S.W.2d 155, 160 (Ark. 1997).

To the extent Mr. Shelton seeks to add a retaliation claim, for these reasons, his proposed amendment would be futile. These claims would not survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. As a result, the Court denies Mr. Shelton's motion to amend his complaint (Dkt. No. 12).

It is so ordered this 5th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge